UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

                                     **ORDER**
                                     Crim. No. 17-284 (01) (MJD/HB)

Antonio Carlos De Godoy Buzaneli,

      Defendant.

_____

      Kimberly A. Svendsen and Joseph H. Thompson, Assistant United States Attorneys, Counsel for Plaintiff.

      Daniel M. Scott, Kelley, Wolter & Scott, P.A., Counsel for Defendant.

_____

## I.  Introduction

      The Defendant has been charged in the Indictment with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and twelve counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2.  The Defendant was arrested in the Southern District of Florida, and at his initial appearance, the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1) arguing the Defendant posed a flight risk.  The government's motion was granted and the Defendant was detained.  The Defendant was thereafter transferred to the District

of Minnesota, and appeared before Magistrate Judge Menendez on December 7, 2017.  Based on the previous detention order issued in the Southern District of Florida, Magistrate Judge Menendez held that the Defendant be detained.

Now before the Court is the Defendant's motion to revoke the Order for detention.

## II.    Standard

A defendant may be detained pending trial if the Court finds there is no "condition or combination of conditions . . . [that] will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).

Detention is appropriate where the government proves by clear and convincing evidence that the Defendant is a danger to others or to the community, or when the government proves by a preponderance of the evidence that the Defendant is a risk of flight, and that in either case, there are no conditions or combination of conditions that will assure the safety of the community or the Defendant's appearance at future court proceedings.

In making the determination as to whether detention is warranted, the

Court must take into account the factors set forth in 18 U.S.C. § 3142(g).

When reviewing a Magistrate Judge's decision as to detention, this Court conducts a *de novo* review.  United States v. Maull, 773 F.2d 1479, 1484-85 (8th Cir. 1985).

III.   **Discussion**

The Court has conducted a *de novo* review of the record and finds that the government has demonstrated by a preponderance of the evidence that the Defendant is a risk of flight, and that there are no conditions or combination of conditions that will assure the Defendant's appearance at future court proceedings.

The Defendant has been charged with numerous counts of fraud that each carry a statutory maximum sentence of 20 years.  The Indictment describes a Ponzi scheme that operated between the years 2009 and 2016, during which time the Defendant and others defrauded investors of approximately $150 million. The government proffers that the weight of the evidence is strong, and is expected to include the testimony of a co-conspirator that has already pleaded guilty to conspiring with the Defendant to defraud investors in Providence.  The guideline range could be as high as life in prison, based on a total offense level

3

43.

The Defendant's history and characteristics weigh in favor of detention. He was born in Brazil and holds both Brazilian and Italian passports. His adult daughter lives in Brazil and at the time of his arrest, his wife was in Brazil. He is a frequent, international traveler, and the government asserts $14 million in investors' funds were sent to Brazil. Based on his trips, the Defendant has multiple business contacts in Guernsey, the United Kingdom, Hong Kong, and China, in which the charged Ponzi scheme collected an additional $85 million.

The Court recognizes that the Defendant has turned over his passports in connection with the SEC action before another district court judge, yet there is concern that the Defendant, if released, could visit a Brazilian or Italian consulate in Florida and obtain new passports.

The Court further finds that the Defendant has access to offshore bank accounts - the charged entity, Providence Financial Investments, Inc., controlled approximately 70 overseas accounts. The Defendant also opened a personal account in the Bailiwick of Guernsey in the Channel Islands. The Department of Homeland Security has also determined that the Defendant has been using three different social security numbers for various purposes, including setting up bank

accounts.

Based on the above, the Court finds that the Defendant has the motive and the means to flee and that as a result, there are no conditions or combination of conditions that will reasonably assure the Defendant's appearance at future court proceedings.

IT IS HEREBY ORDERED that the Defendant's Motion to Revoke the Detention Order [Doc. No. 15] is DENIED.

Date:   December 15, 2017

s/ Michael J. Davis
Michael J. Davis
United States District Court

5