UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

   Plaintiff/Respondent,

v.

Antonio Carlos De Godoy Buzaneli,

   Defendant/Petitioner.

==AMENDED==
**MEMORANDUM OPINION**
**AND ORDER**
Crim. No. 17-284 (01) (MJD)

_____

  Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Respondent.

  Petitioner is *pro* se.

_____

  This matter is before the Court upon Petitioner's motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 141]

## I. Background

  On April 19, 2018, Petitioner pled guilty to Count 1 of the Indictment which charged him with Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349.   As part of the Plea Agreement, Petitioner stipulated that from 2010 through July 2016, Petitioner with Jose Manuel Ordonez, Julio Enrique

Rivera and others devised and participated in a scheme and artifice to defraud to

obtain money and other property by means of materially false and fraudulent

pretenses, and by using the mail to execute such scheme.   (Doc. No. 55 (Plea

Agreement P 2).)   As a result of the fraudulent scheme, investors in such scheme

worldwide lost a total of more than $100 million.   (Id.)   Petitioner further

agreed to waive his right to appeal his sentence, unless the sentence exceeded

240 months imprisonment.   (Id. ¶ 12.)

On April 9, 2019, Petitioner was sentenced to a term of imprisonment of

240 months - the statutory maximum sentence for the offense of conviction and

below the otherwise applicable guideline range of 292 to 365 months based on a

total offense level 40, criminal history category I.

Petitioner now moves for relief pursuant to § 2255 based on claims of

ineffective assistance of counsel.

## II.   Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming

the right to be released upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence . . . or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set

aside or correct the sentence."   28 U.S.C. § 2255(a).   Section 2255 is intended to

provide federal prisoners a remedy for jurisdictional or constitutional errors.

Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).   It is not intended to

be a substitute for appeal or to relitigate matters decided on appeal.   See Bousley

v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-

47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional
> rights and for a narrow range of injuries that could not have been raised on
> direct appeal and, if uncorrected, would result in a complete miscarriage of
> justice.   A movant may not raise constitutional issues for the first time on
> collateral review without establishing both cause for the procedural default
> and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Petitioner is entitled to an evidentiary hearing on his petition "unless the

motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief."   28 U.S.C.A. § 2255(b).   "[A] petition can be dismissed

without a hearing if (1) the petitioner's allegations, accepted as true, would not

entitle the petitioner to relief, or (2) the allegations cannot be accepted as true

3

because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."   Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

## A.    Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel may constitute both cause and prejudice to excuse a procedural default.   Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted).   Such claims must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984).   Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case.   Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied, (March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms.   Strickland, 466 U.S. at 688.   The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case.   Id.   Judicial scrutiny of counsel's performance should be

highly deferential, and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance."   Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different.   Id. at 691.   The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need not consider the reasonableness of counsel's behavior.   Id.

### 1. Claim I

Petitioner claims that following his sentencing, he unequivocally requested his defense counsel to file a notice of appeal.   In response to this claim, defense counsel has submitted an affidavit in which he asserts he sent Petitioner a letter outlining his appellate rights.   (Doc. No. 153-1 (Daniel Scott Aff. ¶ 7).)   Counsel further asserts that he met with Petitioner at the Sherburne County Jail on April 18, 2019 during which time they discussed a possible appeal.   (Id. ¶ 8.)   Counsel asserts Petitioner asked him to forward counsel's letter to his wife with a cover letter stating that Petitioner wants to know if having an appeal makes sense if he transfers to Brazil.   (Id.)   Counsel did so, and Petitioner's wife responded stating

she would call Petitioner.   (<u>Id.</u>, Exs. 2 and 3.)   On April 24, 2019, the date the

notice of appeal had to be filed, counsel had not heard from Petitioner's wife, and

sent her an email asking for an answer as to whether to file a notice of appeal.

(<u>Id.</u>, ¶ 9.)   Petitioner's wife responded later that day by email, stating that she

had talked with Petitioner and that he had decided not to appeal.   (<u>Id.</u> ¶ 10, Ex.

5.)

In light of Petitioner's claim in his verified petition, prior to ruling on

Petitioner's credibility as to whether he in fact told counsel to file a notice of

appeal, this Court must first hold an evidentiary hearing.   <u>Watson v. United</u>

<u>States</u>, 493 F.3d 960, 964 (8th Cir. 2007) (finding that "[a]lthough the district court

was not required to credit Watson's assertion, it was required to hold a hearing

before making factual determinations about Watson's credibility.")   In addition,

where an evidentiary hearing is warranted, the Court must appoint counsel to

represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. §

3006A.   Rule 8(c) of the Rules Governing Section 2255 Proceedings.

IT IS HEREBY ORDERED that the Office of the Federal Public Defender for

the District of Minnesota is hereby appointed to represent Petitioner, pursuant to

18 U.S.C. § 3006A in all matters pertaining to this action before this Court.   The

Court will hold an evidentiary hearing on **August 26, 2020** at 10:30 a.m.

Date:   June 24, 2020

        s/ Michael J. Davis       
        Michael J. Davis
        United States District Court