UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                   **MEMORANDUM OPINION AND ORDER**
                                         Crim. No. 17-284 (01) (MJD)

Antonio Carlos De Godoy Buzaneli,

    Defendant.
_____

    Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

    Lousene M. Hoppe, Counsel for Defendant.
_____

    This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. No. 179)

**I.**    **Background**

    On April 19, 2018, Defendant pleaded guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.  On April 9, 2019, the Court sentenced Defendant to 240 months imprisonment, followed by a three year term of supervised release.

1

Defendant had been serving his sentence at Allenwood Low FCI but was transferred to the Sherburne County Jail to appear at an evidentiary hearing on October 28, 2020 related to his § 2255 petition. Defendant is scheduled to be transferred back to Allenwood Low FCI, but as of the date of this Order, he is not in BOP custody. His release date is December 2, 2034.

## II.   Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13.[1]  Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.

This guideline also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

(ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

### III.   Discussion

#### A.   Exhaustion Administrative Remedies

Prior to being transferred to the Sherburne County Jail, Defendant submitted a request to the Warden at Allenwood Low FCI for compassionate release. (Doc. No. 203 at 118.) The Warden denied his request on July 22, 2020. (Id. at 119.) Accordingly, the Court finds that Defendant has exhausted his administrative remedies and the motion is properly before the Court.

#### B.   Merits Determination

Defendant argues he suffers from multiple co-morbidities that significantly increases his risk of severe illness and death should he contract COVID-19. He is 59 years old and has been diagnosed with coronary heart disease (Doc. No. 73 at ¶ 71), type 2 diabetes, hypothyroidism, hypertension, hyperlipidemia and obesity. (Doc. No. 203 at 6, 11, 17.) He takes numerous medications to treat these health conditions and his medical records indicate his health conditions are well

controlled by medication, diet and exercise. (Id.) He nonetheless argues that he cannot adequately protect himself against infection for COVID-19 while in a prison or jail setting, as demonstrated by the reported infection rates at BOP facilities.

The Court acknowledges that Defendant presents risk factors identified by the CDC as increasing his risk of severe injury or death if he were to contract COVID-19, obesity and type 2 diabetes. The Court further acknowledges that the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them. See www.bop.gov/coronavirus/index.jsp.

Even if the Court were to find that Defendant had demonstrated extraordinary and compelling circumstances due to medical condition existed, the Court nonetheless finds that a sentence reduction is not warranted, as it would be contrary to the factors set forth in 18 U.S.C. § 3553(a). See United States v. Rodd, 966 F.3d 740, 747-48 (8th Cir. 2020) (finding district court did not abuse its discretion in finding the § 3553(a) factors weighed against sentence reduction

and denying motion for sentence reduction, even if defendant had demonstrated extraordinary and compelling circumstances existed).

Defendant admitted to his participation in a large-scale fraudulent scheme in which he and his co-conspirators defrauded more than 500 victims of over $100 million. (Doc. No. 55 (Plea Agreement at ¶ 2).) Given the nature and circumstances of the offense of conviction, and the fact that Defendant has served only three years of a twenty year sentence, a sentence reduction would not reflect the seriousness of the offense of conviction, promote respect for the law or provide a just punishment. A sentence reduction would further create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offenses committed.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Modify his Sentence (Doc No. 179) is DENIED.

Date: February 3, 2021

s/Michael J. Davis<br>
Michael J. Davis<br>
United States District Court